# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERTO DURAND, | Case No. 3:22-cv-00338-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| MUARO, | |
| Defendant. | |

*Pro se* Plaintiff Roberto Durand brings this civil rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Ely State Prison. (ECF No. 1-1.) On August 1, 2022, this Court denied Durand's application to proceed *in forma pauperis* because it was incomplete. (ECF No. 3.) The Court explained that Durand's application was incomplete because he had "not submitted a financial certificate or an inmate account statement for the previous six-month period." (*Id.* at 1.) The Court also identified all three documents Durand was required to submit to proceed *in forma pauperis*. (*Id.* at 1-3.) The Court gave Durand until September 27, 2022, to file a fully complete application to proceed *in forma pauperis* or pay the $402 filing fee. (*Id.* at 1, 2-3.) And the Court warned Durand that it could dismiss this action if he failed to timely file a complete application or pay the full filing fee. (*Id.* at 3.)

Durand responded by filing two applications to proceed *in forma pauperis* that are incomplete because they do not contain an inmate account statement for the previous six-month period. (ECF Nos. 4, 5.) Durand has not moved for an extension of time to file a complete application to proceed *in forma pauperis*, and he has not indicated that he has experienced any difficulty in obtaining an inmate account statement.

## I.    DISCUSSION

District courts have the inherent power to control their dockets, and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors—the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket—weigh in favor of dismissal of Durand's claims. The third factor—risk of prejudice to defendants—also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's

order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because the Court cannot function without collecting reasonable fees and this action cannot realistically proceed until and unless Durand either files a fully complete application to proceed *in forma pauperis* or pays the $402 filing fee, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception: there is no indication that Durand did not receive the Court's order or needs additional time to obtain a six-month account statement. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor also favors dismissal.

## II.     CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Durand's failure to file a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee in compliance with the Court's August 1, 2022 order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Durand wishes to pursue his claims, he must file a complaint in a new case.

It is further ordered that the applications to proceed *in forma pauperis* (ECF Nos. 4, 5) are denied as incomplete and moot.

DATED THIS 4th Day of October 2022.

---
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE